342-302737-18

Cause No. ____________________

FILED
TARRANT COUNTY
9/10/2018 1:21 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| Cynthia Black | § | In the ________ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Liberty Life Assurance Company of Boston | § | Tarrant County, Texas |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Cynthia Black** (092/202), hereinafter called Plaintiff, complaining of and about **Liberty Life Assurance Company of Boston,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

***I. Parties***

1. Plaintiff is an individual who had an employee benefit plan, which provided Long Term Disability (LTD) insurance through his employer.

2. Defendant is an insurance company licensed to do business in Texas and issued the Long Term Disability (LTD) policy at issue in this case. Said Defendant can be served through its attorney for service: Corporation Service Company, 211 East 7TH Street, Suite 620, Austin, TX 78701-3218.

**II. Jurisdiction and Venue**

3. The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

4. Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause in that it is where the beneficiary resides.

**III. Agency And Vicarious Liability.**

5. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.



EXHIBIT

A

## IV. Factual Background

6. At all times relevant to this lawsuit, Plaintiff had a policy of Long Term Disability (LTD) insurance with Defendant.

7. In July of 2016, Plaintiff worked for a church organization, through which she paid for LTD benefits coverage.

8. In July or August of 2016, Plaintiff made a claim for LTD benefits due to her disabling medical conditions.

9. In a letter dated September 15, 2016, you denied Plaintiff's claim for benefits based on your assertion that her complaints are not disabling without articulating what her job duties are and noting that Plaintiff had been observed walking with and without a cane at times; eating at a restaurant, and attending a music concert.

10. Plaintiff requested an appeal of your decision and supplied you with 25 different medical records from various medical providers supporting Plaintiff's claim for disability.

11. In spite of the ample evidence supporting Plaintiff's claim for benefits, in a letter dated May 25, 2017, you continued with your denial of LTD benefits.

## V. Breach of Contract

12. Plaintiff incorporates herein all the facts as set forth above.

13. It is our contention that your conduct constitutes a breach of contract for which Defendant can be held liable, to-wit:

a. There is a valid, enforceable contract of insurance for LTD benefits between you and Plaintiff.

b. Plaintiff is a proper party to bring this lawsuit against Defendant.

c. Plaintiff has performed under the contract by paying premiums and cooperating with Defendant's investigation of her claim for LTD benefits

d. Defendant has breached this contract with Plaintiff by not providing LTD benefits.

e. Defendant's breach of contract has caused injury to Plaintiff.

## VI. DAMAGES.

14. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

a. Actual damages / long-term disability policy benefits.

b. Reasonable and necessary attorney fees resulting from Defendant's conduct.

c. Penalty at 18% on actual damages of until paid by Defendant for violation of the Texas Prompt Payment of Claims Act.

**In the alternative,**

## VII. Claims under ERISA

15. This action against Defendant arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.-§1101 *et. seq.*

16. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

17. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(1) and (2).

18. Plaintiff incorporates the FACTS as set out above and adds:

19. Defendant asserts the Long Term Disability (LTD) policy that Plaintiff has with Defendant is a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1101 et. seq.

20. The employer benefit plan ("Plan") at issue in this case provided LTD benefits to Plaintiff.

21. Defendant asserts the plan is subject ERISA but Plaintiff asserts the plan is an exception to ERISA in that Plaintiff's employer is a church organization.

22. If Defendant's assertion is found to be correct, Plaintiff asserts that Plaintiff was an employee and was a participant within the meaning of 29 U.S.C. Section 1002(7) of the Plan.

23. Plaintiff made a timely claim for benefits and fully cooperated with Defendant's investigation of her claim. Plaintiff exhausted her administrative remedies before bringing this lawsuit.

## VIII. Request For Relief - Claim For Benefits Under The Policy - Count One

24. Plaintiff incorporates herein all the facts as set forth above.

25. Plaintiff is entitled to LTD benefits under the Plan as Plaintiff has extensive medical documentation suggesting her claim that she can no longer adequately perform her job duties.

26. Plaintiff has complied with Plaintiff's obligations to make proof of claim in accordance with the Plan including the appeal provisions.

27. The standard of review is *de novo* as Defendant is not granted discretion and/or such discretion is voided by Texas Law, §28 Tex Admin. Code §3.1201 *et seq*. Defendant's decision to deny Plaintiff's claim was wrong.

28. In the alternative, Defendant's decision to deny Plaintiff's claim was arbitrary and capricious particularly after receiving the materials Defendant received on Plaintiff's appeal.

29. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks from Defendant benefits which have not been paid to Plaintiff.

## IX. Count Two - Attorneys Fees Pursuant to 29 U.S.C. 1132(g)(1) Against Defendant

30. Plaintiff incorporates herein all the facts as set forth above.

31. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff seeks an award of Plaintiff's reasonable and necessary court costs, and attorney's fees in connection with the prosecution of this action.

## X. PRAYER

32. Wherefore, Plaintiff requests that the Court order:

a. Defendant to pay Plaintiff the full Long Term Disability (LTD) insurance benefits Plaintiff is entitled to under the policy.

b. Defendant to pay Plaintiff's reasonable attorney's fees incurred in pursuing recovery of benefits owed to Plaintiff.

c. Defendant to pay Plaintiff pre-judgment and post-judgment interest; and

d. That Plaintiff recover the cost of this action and such other and further relief as the Court may deem proper under the circumstances.

SIGNED on September 10, 2018

Respectfully submitted,

/s/ Mark S. Humphreys
Mark S. Humphreys - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722 * Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**

# THE STATE OF TEXAS
# DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 342-302737-18*

CYNTHIA BLACK
VS.
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

TO: LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

B/S REG AGT-CORPORATION SVC CO 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 342nd District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

CYNTHIA BLACK

Filed in said Court on September 10th, 2018 Against
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

For suit, said suit being numbered 342-302737-18 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

MARK S HUMPHREYS
Attorney for CYNTHIA BLACK Phone No. (972)263-3722
Address 702 DALWORTH ST GRAND PRAIRIE, TX 75050

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 10th day of September, 2018.

By Amanda Carter
AMANDA CARTER

A CERTIFIED COPY
ATTEST: 09/20/2018
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Carter

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *34230273718000004*

Received this Citation on the _______ day of ___________________________, _____ at ______ o'clock ___M; and executed at ______________________________ within the county of ________________, State of _________ at ________ o'clock ___M on the ________ day of _________________, _____ by delivering to the within named (Def.): ____________________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _______________________________________

County of ___________________________ State of__________ By __________________________________ Deputy

Fees $_________ __________________________________________________

State of ______________ County of ______________________________ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said ___________________________________ before me this _____ day of _________, ____

to certify which witness my hand and seal of office

(Seal)

_______________________________________________

County of ____________________, State of ___________________

# *CITATION*

Cause No. 342-302737-18

CYNTHIA BLACK

VS.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON

ISSUED

This 20th day of September, 2018

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By AMANDA CARTER Deputy

MARK S HUMPHREYS
Attorney for: CYNTHIA BLACK
Phone No. (972)263-3722
ADDRESS: 702 DALWORTH ST

GRAND PRAIRIE, TX 75050

*CIVIL LAW*

*34230273718000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 09/20/2018
THOMAS A WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Amanda Carter