**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| CYNTHIA BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv00863 |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION**

NOW INTO COURT, comes Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), and through its undersigned counsel, hereby files its Answer to Plaintiff's Original Petition (the "Petition") filed by Cynthia Black ("Plaintiff"), and states as follows:

**I. Parties**

1. Liberty Life admits that Plaintiff was, at certain times, employed by Christus Health ("Christus") and a participant in the long-term disability plan ("LTD Plan") sponsored by Christus. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Petition.

2. Liberty Life admits it is an insurance company and is lawfully authorized to do business in Texas. Liberty Life further admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GF3-890-460617-01 (the "Policy") issued by Liberty Life to Christus. Liberty Life further admits that it was properly served in this action. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Petition.

## II. Jurisdiction and Venue

3. Liberty Life admits that, by this action, Plaintiff seeks to recover benefits from Liberty Life, but Liberty Life denies that Plaintiff is entitled to any such relief. Liberty Life admits that the United States District Court for the Northern District of Texas Court has jurisdiction over this matter. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Petition.

4. Liberty Life admits that venue is correct in the Northern District of Texas, Fort Worth Division. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Petition.

## III. Agency and Vicarious Liability

5. Paragraph 5 of the Petition does not contain any allegations to which Liberty Life must respond. To the extent a response is required, Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies that Plaintiff is entitled to any relief or recovery from it whatsoever and Liberty Life denies all remaining allegations contained in Paragraph 5 of the Petition.

## IV. Factual Background

6. Liberty Life admits that Plaintiff was, at certain times, employed by Christus and a participant in the LTD Plan sponsored by Christus. Liberty Life further admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Petition.

7. Liberty Life admits that Plaintiff was, at certain times, employed by Christus and a participant in the LTD Plan sponsored by Christus. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Petition.

8. Liberty Life admits Plaintiff submitted a claim for benefits from the LTD plan. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file regarding Plaintiff's claim for benefits from the Plan, but Liberty Life refers to the claim file itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Petition.

9. Liberty Life admits it sent a letter to Plaintiff dated September 15, 2016, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Petition.

10. Liberty Life admits it received an appeal of the denial of Plaintiff's benefits from the LTD plan, along with additional documentation. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Petition.

11. Liberty Life admits it received an appeal of the denial of Plaintiff's benefits from the LTD plan, along with additional documentation. Liberty Life admits it sent a letter dated May 25, 2017, to an attorney representing Plaintiff at the time, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Petition.

## V. Breach of Contract

12. Liberty Life incorporates all of its answers to the allegations contained in Paragraphs 1 through 11 of the Petition as though fully set forth herein.

13. To the extent that the allegations contained in Paragraph 13 of the Petition contain legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies the allegations contained in Paragraph 13 and 13 a-e of the Petition.

## VI. Damages

14. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Petition.

## VII. Claims Under ERISA

15. Liberty Life admits the allegations contained in Paragraph 15 of the Petition.

16. Liberty Life admits that the United States District Court for the Northern District of Texas Court has jurisdiction over this matter. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Petition.

17. Liberty Life admits that venue is proper the United States District Court for the Northern District of Texas Court. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Petition.

18. Liberty Life incorporates all of its answers to the allegations contained in Paragraphs 1 through 17 of the Petition as though fully set forth herein.

19. Liberty Life admits the allegations contained in Paragraph 19 of the Petition.

20. Liberty Life admits that Plaintiff was, at certain times, employed by Christus and a participant in the LTD Plan sponsored by Christus. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Petition.

21. Liberty Life admits the allegations contained in Paragraph 21 of the Petition.

22. Liberty Life admits that Plaintiff was, at certain times, employed by Christus and a participant in the LTD Plan sponsored by Christus. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Petition.

23. Liberty Life admits Plaintiff submitted a claim for benefits from the LTD plan. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

## VIII. Request for Relief - Claim for Benefits Under the Policy - County One

24. Liberty Life incorporates all of its answers to the allegations contained in Paragraphs 1 through 23 of the Petition as though fully set forth herein.

25. Liberty Life denies the allegations contained in Paragraph 25 of the Petition.

26. Liberty Life denies the allegations contained in Paragraph 26 of the Petition.

27. Liberty Life denies the allegations contained in Paragraph 27 of the Petition.

28. Liberty Life denies the allegations contained in Paragraph 28 of the Petition.

29. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Petition.

**IX. Count Two - Attorneys Fees Pursuant to 29 U.S.C. 1132(g)(1) Against Defendant**

30. Liberty Life incorporates all of its answers to the allegations contained in Paragraphs 1 through 29 of the Petition as though fully set forth herein.

31. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with court costs, and attorneys' fees, but Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Petition.

32. No response is required to Paragraph 32 of the Petition, as said Paragraphs make no factual allegations but only state the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Liberty Life denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Liberty Life's actions regarding Plaintiff's claim were done in good faith, and Liberty Life's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. At all relevant times, Liberty Life has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

4. Some or all of the claims asserted or relief sought by Plaintiff in the Petition are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

5. Plaintiff's claims against Liberty Life are barred by the terms, conditions, limitations, and exclusions specified in the Policy.

6. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the policy.

7. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

8. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

9. Plaintiff's claims are barred to the extent the Petition was not filed within the Policy or statutory limitations period.

10. Plaintiff has failed to provide adequate proof of loss under the Policy.

11. The damages asserted by Plaintiff were the result of Plaintiff's own actions and/or Plaintiff failed to mitigate damages.

12. Liberty Life was not the proximate cause of the damages asserted by Plaintiff.

13. Liberty Life reserves the right to assert additional defenses.

## PRAYER

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 29th day of October 2018.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Mark S. Humphreys
Email: texaslaw94@yahoo.com

October 29, 2018 /s/ Iwana Rademaekers
Date Iwana Rademaekers