**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| CYNTHIA BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv00863-O |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Plaintiff Cynthia Black ("Black") and Defendant Liberty Life Insurance Company of Boston ("Liberty"), through counsel of record, conferred on and file this Joint Report Regarding Contents of Scheduling Order pursuant to the Court's Order dated October 25, 2018 as follows:

Mark S. Humphreys, counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant, conferred on October 20, 2018, and thereafter, for the purpose of conferring regarding the matters specified in Rule 26(f) and the Court's Order. Although settlement was discussed, the case did not settle, therefore the following is provided:

I.
PRESENT STATUS OF SETTLEMENT NEGOTIATIONS

The parties have begun informal settlement discussions and negotiations are ongoing.

II.
SCHEDULING PROPOSAL

**1. A brief statement of claims and defenses.**

Plaintiff sues to recover long-term disability ("LTD") benefits under a welfare benefit plan established and maintained by her former employer Christus Health (the "Plan"). Liberty insures the plan and has denied Plaintiff's long term disability benefits. Plaintiff disputes that determination and alleges Liberty Life wrongfully denied her claim for benefits. Liberty Life denies that Plaintiff is entitled to any

relief by this action and denies that it violated any statute, law, or any right of or contract with Plaintiff. Alternatively, Liberty Life asserts that any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**2. Proposed Time Limit to File Motions for Leave to Join Other Parties:**

The Parties propose that motions for leave to join other parties be filed by: January 10, 2019.

**3. Proposed Time Limit to Amend the Pleadings:**

The Parties propose that motions to amend the pleadings be filed by: January 10, 2019.

**4. Proposed Time Limits to File Various Types of Motions, including dispositive motions:**

The Parties propose that dispositive motions be filed by April 8, 2019.

**5. A Proposed Time Limit for Initial Designation of Experts:**

The Parties shall make initial expert designations by January 31, 2019.

**6. A Proposed Time Limit for Responsive Designation Experts:**

The Parties shall make responsive expert designations by February 14, 2019.

**7. A Proposed Time Limit for Objections to Experts (i.e. *Daubert* and similar motions):**

The Parties shall make initial expert designations by March 8, 2019.

**8. Proposed Plan and Schedule for Discovery, Subjects on Which Discovery maybe Needed, Time Limit to Complete Factual Discovery and Expert Discovery, and Statement as to Whether Discovery Should be conducted in Phases or Limited to Particular Issues:**

The Parties propose that discovery be completed by February 25, 2019. Subjects for discovery include the information and documents forming the basis for Liberty's claim decisions.

**9. Proposed Limitations to be Placed Upon Discovery:**

None at this time.

**10. Proposed Means for Disclosure or Discovery of Electronically Stored Information ("ESI") and a Statement of Any Disputes Regarding the Disclosure or Discovery of ESI:**

ESI will be reduced to and produced (1) in .pdf format, if possible, otherwise in native format, or (2) as the parties may mutually agree. There are no ESI disputes.

**11. Any Proposals Regarding the Handling and Protection of Privileged or Trial-Preparation Material That Should be Reflected in a Court Order:**

The parties do not anticipate any issues regarding attorney-client privilege. Should there be any issue regarding claims of privilege or of protection of documents as trial-preparation materials after production, the parties anticipate they will be able to resolve these through agreement.

**12. Proposed Trial Date, Estimated Number of Days Required for Trial, and Jury Demand:**

A jury has not been demanded in this case. The parties believe that the case will be resolved through summary judgment procedure, with the possibility of jointly filing a stipulated record. However, if a trial is needed, the Parties estimate that 1-2 days will be required and propose a trial date in July 2019.

**13. Proposed Date for Further Settlement Negotiations:**

The parties propose that further settlement discussions be conducted during the first week of March 2019, before the dispositive motion deadline.

**14. Objections to Disclosure under Rule 26(a)(1).**

Liberty Life has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

**15. Consent by the Parties to Trial (jury or non-jury) Before a U.S. Magistrate Judge.**

The Parties will not consent to the referral of this case to a Magistrate Judge.

**16. Consideration by the Parties of Mediation or Arbitration to Resolve this Litigation, Most Effective Timing of Alternative Dispute Resolution, and Recommended Mediator (if Mediation is proposed):**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful.

The parties propose a mediation deadline of March 19, 2019, before the dispositive motion deadline.

**17. Any Other Proposals Regarding Scheduling and Discovery That the Parties Believe Will Facilitate Expeditious and Orderly Preparation for Trial:**

None at this time.

**18. Conference With the Court:**

The Parties do not feel that a conference with the Court is necessary at this time.

**19. Any Other Matters Relevant to the Status and Disposition of This Case:**

None at this time.

Respectfully submitted,

/s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**AND**

/s/ Mark S. Humphreys
Mark S. Humphreys
**MARK S. HUMPHREYS, P.C.**
702 Dalworth Street
Grand Prairie, Texas 75050
PH: (972) 263-3722
Fax: (972) 237-1690
Email: texaslaw94@yahoo.com

ATTORNEYS FOR PLAINTIFF